304

384 A.2d 1356

**COMMONWEALTH of Pennsylvania,**

v.

**Ernest MAGLISCO, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 10, 1976.

Decided April 13, 1978.

John J. Hudascek, Jr., Beaver Falls and Anthony J. Lalama, Pittsburgh, for appellant.

Layden C. Sadecky, Beaver, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was found guilty of robbery [1], recklessly endangering another person [2], and simple assault [3]. Appellant was charged with a robbery that occurred in Ambridge, Pennsylvania on March 18, 1974. The victims of the robbery were an elderly couple who operated a coffee shop. Their living quarters were located directly above their business establishment. The robbers gained entry before business hours by ruse, posing as police officers and presenting a phony badge and search warrant. After gaining entry, the robbers handcuffed their victims hands behind their backs, bound their legs from ankles to knees with adhesive tape, and wrapped tape over their mouths.

Defendant-appellant had been charged with another robbery in Ohioville which had a similar modus operandi. The charges for the Ohioville robbery were dropped due to a lack of identification by the victims. No accomplice was charged for either robbery.

During the course of the trial for the Ambridge robbery, the Ambridge Chief of Police in answering a question referred to the Ohioville robbery and mentioned that the two robberies were similar in nature. He did not say the appellant had been charged with the Ohioville robbery. The trial judge instructed the jury not to consider the allusion to the Ohioville robbery, and emphasized the necessity of fairness to the appellant.

The evidence complained of is definitely inadmissible. However, we do not think there is sufficient prejudice demonstrated to warrant a new trial. In *Commonwealth v. Brown,* 444 Pa. 318, 282 A.2d 364 (1971). The Pennsylvania

1.  18 Pa. C.S. § 3701.

2.  18 Pa. C.S. § 2705.

3.  18 Pa. C.S. § 2701.

Supreme Court held that instructions to a jury that it must completely disregard the statement of a Commonwealth witness in an assault with intent to ravish prosecution that, "this guy had tried this several times before," was sufficient to cure the prejudicial effect of the statement. Here, in this case, the inadmissible evidence did not refer to the appellant as being guilty of another crime as in *Brown, supra*. We see no prejudicial error.

The judgment of sentence is affirmed.

JACOBS, President Judge, and HOFFMAN, J., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.